IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02116-REB-KMT

PETER EDWARD aka DAVID BLESSING,

    Plaintiff,

v.

ROBERT E. DUBRISH,
OPTION ONE MORTGAGE CORPORATION et al.,
HENRY J. PAULSON, U.S. Secretary of the Treasury, and
MICHAEL B. MUKASEY, U.S. Attorney General as alien property custodian,

    Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya**
**United States Magistrate Judge**

    This case comes before the court on "Plaintiff's Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 46) filed July 14, 2008. Defendants Henry J. Paulson and Michael B. Mukasey filed their response on October 6, 2008. The other named defendants did not file a response, and no reply was filed.

    The plaintiff is requesting a temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65(b) enjoining the defendants from selling, taking possession of, or occupying his property and from harassing or intimidating him in any way.

    Where the opposing party has notice, as is in this case, the procedure and standards for issuance of a restraining order mirror those for a preliminary injunction. *Emmis Commc'ns*

*Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001). A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations omitted). Finally, if an injunction would "alter the status quo," the factors must "weigh heavily and compellingly" in the movant's favor in order for an injunction to enter. *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

"To constitute irreparable harm, an injury must be certain, great, actual 'and not theoretical.'" *Heidman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Irreparable harm is more than "merely serious or substantial" harm. *Id.* (quoting *Prairie Band of Potawatomi Indians v. Pierce*, 253

F.3d 1235, 1250 (10th Cir. 2001)).  The party seeking the temporary restraining order must show that "the injury complained of is of such imminence that there is a clear and present need for equitable relief."  *Heidman*, 348 F.3d at 1189.  Plaintiff states the property at issue is his only home, and the loss of this home will cause irreparable harm including but not limited to homelessness, loss of reputation, loss of standing in the community, loss of business opportunity, and emotional stress and mental anguish.  However, Plaintiff has failed to prove that these alleged harms are irreparable.  In addition, Plaintiff has not shown an injury that is "certain, great, actual 'and not theoretical.'"  *Heidman*, 348 F.3d at 1189.

Next, Plaintiff must demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause the opposing party" and that "the injunction, if issued, would not be adverse to the public interest."  *Schrier*, 427 F.3d at 1258.  Plaintiff has made a conclusory statement that his interest in the property outweighs the interests of the defendants, but Plaintiff has failed to allege any facts to prove this element.  In addition, Plaintiff has failed to address whether an order for injunctive relief would be adverse to the public interest.  Therefore, Plaintiff has failed to meet his burden regarding these two requisite elements.

Finally, Plaintiff must show that he has a substantial likelihood of success on the merits of his claim.  *Schrier*, 427 F.3d at 1258.  Plaintiff fails to make a strong showing that he would succeed on the merits of his claims and instead only makes another conclusory allegation that he "has a likelihood of success on the merits."

3

As Plaintiff has failed to satisfy the four prerequisites for obtaining a temporary restraining order or preliminary injunction, I respectfully

RECOMMEND that "Plaintiff's Verified Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. No. 46) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

4

both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of January, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge