IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-02116-REB-KMT

PETER EDWARD a/k/a DAVID BLESSING,

    Plaintiff,

v.

ROBERT E. DUBRISH,
OPTION ONE MORTGAGE CORPORATION, et al.,
HENRY J. PAULSON, US Secretary of the Treasury, and
MICHAEL B. MUKASEY, U.S. Attorney General as alien property custodian,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

    This case involves claims that Defendants violated Plaintiff's due process rights. This matter is before the court on "Defendant Robert E. Dubrish's Third Motion to Dismiss" (Doc. No. 67).

### STATEMENT OF THE CASE

    Plaintiff's complaint is not a model of clarity. It appears Plaintiff is asserting claims related to the foreclosure sale of his home on December 4, 2007, for "involuntary servitude and peonage due to wanton and malicious acts and threats, duress, coercion and fraud, by and through the promulgation of counterfeit securities." (Pl.'s Second Am. Compl. [hereinafter "Compl."] [filed October 10, 2008].) Plaintiff states on June 26, 2006, he contracted with

Defendant Option One Mortgage Corporation ("Option One") for a loan in the amount of $283,500.00 "in an effort to take possession of" a property at 1577 Newton Street, Denver, Colorado. (Compl. ¶¶ 29–31.)  Plaintiff contends he made "regular monthly payments, in the form of Federal Reserve Notes or Credit on Account, from July 2006 through July 2007" to Option One Mortgage Corp." (*Id.* ¶ 33.)  Plaintiff states on August 24, 2007, he:

> issued to Robert E. Dubrish, in Mr. Dubrish's capacity as President and CEO of OPTION ONE, a Bonded Promissory Note . . . in an amount of $700,000.00 . . . more than double what was allegedly owed to OPTION ONE.  Robert E. Dubrish acknowledged receipt of that Bonded Promissory Note . . . returned a photocopy to Blessing, and retained the original.

(*Id.* ¶ 34.)  Defendant Dubrish states, "In lieu of repaying his legal debt . . . Plaintiff chose instead to attempt to surreptitiously deny his obligation to Option One by means of a frivolous document he labeled a Verified Notice of Tender of Payment." (Def. Robert E. Dubrish's Third Mot. to Dismiss at 1 [hereinafter "Dubrish's Mot. to Dismiss] [filed October 23, 2008].)  Defendant contents that "Option One promptly responded to this document by means of a letter delivered to the Plaintiff . . . in order to helpfully inform the Plaintiff that his attempt to deny his legal debt was unavailing and had no effect whatsoever on the obligations owed under the Promissory Note." (*Id.* at 1–2.)  Plaintiff states on September 10, 2007, he received a letter from Option One "refuting the veracity of the documents" sent to them. (Compl. ¶ 35.)  Plaintiff states he sent a letter to Option One on September 13, 2007, "stating a requirement for 30 days in which to consider the advise given in the letter from Option One. (*Id.* ¶ 37.)  On September 25, 2007, "[a] letter from [an] unknown source was stuck into [the] door jamb of Plaintiff's house" stating that some monthly payment was not received by Option One. (*Id.* ¶ 37.)  On October 6,

2007, Plaintiff received a letter from Option One advising that foreclosure proceedings had commenced. (*Id.* ¶ 38.) Plaintiff states his home was sold at public foreclosure auction on December 4, 2007. (*Id.* ¶ 42.)

Plaintiff asserts fourteen claims for relief. (*Id.* at 9–16.) Plaintiff names Defendant Dubrish only in his causes of action entitled "Breach and Conversion Under Contract" and "Civil RICO." (*Id.* ¶¶ 102–103; 120–123.) Plaintiff seeks declaratory relief, injunctive relief, and money damages. (*Id.* ¶¶ 133–152.)

Defendant Dubrish has moved for dismissal of the claims against him on the bases that (1) Plaintiff has failed to allege any identifiable claim against him as Plaintiff's claims against Dubrish have no basis for recovery under any law; and (2) Plaintiff has failed to join a necessary party. (Dubrish's Mot. to Dismiss at 2–4.)

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint in this case on October 9, 2007. (Doc. No. 1.) Defendant filed an Amended Complaint on January 4, 2008. (Doc. No. 19-3.) On July 18, 2008, Plaintiff filed a motion to amend his complaint in order to provide a more definite statement. (Doc. No. 48.) None of the defendants objected to Plaintiff's motion to amend his complaint (*see* doc. nos. 51, 58), and this court granted Plaintiff's motion to amend. (Doc. No. 62.) Plaintiff's Second Amended Complaint was filed on October 10, 2008. (Doc. No. 63, Compl.)

Defendant Dubrish filed his motion to dismiss on October 23, 2008. (Dubrish's Mot. to Dismiss.) Plaintiff filed his response on November 7, 2008. (Pl.'s Obj., Mot. to Strike, and

Reply to Def. Robert E. Dubrish's Third Mot. to Dismiss [hereinafter "Resp. to Dubrish's Mot. to Dismiss].)  This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

*2.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

When ruling on a defendant's motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1965 (2007) (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Further, the court is to make all reasonable inferences in the plaintiff's favor. *Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1204 (10th Cir. 2002). In doing so, the Court distinguishes well-pleaded facts from conclusory allegations. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (citations omitted).

To state a claim, a plaintiff's complaint must "show[ ] that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp.*, 550 U.S. 544, —, 127 S. Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The plaintiff must allege enough factual matter, taken as true, to make his "claim to relief . . . plausible on its face." 550 U.S. 544, —, 127 S. Ct. 1955, 1974 (2007); *Van Zanen v.*

*Qwest Wireless, L.L.C.*, 522 F.3d 1127, 1129–30 (10th Cir. 2008).  This is not to say that the factual allegations must themselves be plausible; after all, they are assumed to be true.  It is just to say that relief must follow from the facts alleged.  *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008).  If a complaint explicitly alleges every fact necessary to win at trial, it has necessarily satisfied this requirement.  *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).  The issue in reviewing the sufficiency of a plaintiff's complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  *See Scheuer*, 416 U.S. at 236.

## ANALYSIS

Defendant Dubrish moves for dismissal of the claims against him because he was the former CEO of Option One and, as such, is not liable for the actions of the corporation. (Dubrish's Mot. to Dismiss at 3.)  Plaintiff responds that he "believes Mr. Dubrish is persoanlly responsible for certain negotiable instruments that plaintiff tendered to Mr. Dubrish while he was President and CEO" of Option One.  (Resp. to Dubrish's Mot. to Dismiss ¶ 2.)

This court's jurisdiction over this case is based upon diversity, and, therefore, Colorado law governs this question.  *See Boyd Rosene and Associates, Inc. v. Kansas Mun. Gas*, 123 F.3d 1351, 1352-53 (10th Cir. 1997)(a federal court sitting diversity must apply the substantive law of the state in which it sits).  Typically, a court will not allow the corporate veil to be pierced, except under certain factual circumstances.  The court considers a variety of factors to determine whether the corporate form should be disregarded, including (1) whether the corporation is operated as a separate entity, (2) commingling of funds and other assets, (3) failure to maintain

adequate corporate records, (4) the nature of the corporation's ownership and control, (5) absence of corporate assets and undercapitalization, (6) use of the corporation as a mere shell, (7) disregard of legal formalities, and (8) diversion of the corporation's funds or assets to noncorporate uses. *Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003). The Tenth Circuit has developed ten factors that must be considered when determining whether to pierce the corporate veil, although not all must be established:

> (1) the parent corporation owns all or a majority of the capital stock of the subsidiary; (2) the parent and subsidiary corporations have common directors or officers; (3) the parent corporation finances the subsidiary; (4) the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation; (5) the subsidiary has grossly inadequate capital; (6) the parent corporation pays the salaries or expenses or losses of the subsidiary; (7) the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation; (8) in the papers of the parent corporation, and in the statements of its officers, 'the subsidiary' is referred to as such or as a department or division; (9) the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; (10) the formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Skidmore, Owings & Merrill v. Canada Life Assurance Co.*, 907 F.2d 1026, 1027 (10th Cir. 1990). Piercing the corporate veil is considered an extreme measure. *See Dole Food Co. v. Patrickson*, 538 U.S. 468 (2003). As such, courts mandate that plaintiffs satisfy a high burden of proof.

Here, even taking all of Plaintiff's allegations as true, the court finds Plaintiff has failed to allege <u>any</u> facts regarding <u>any</u> of the factors set forth in *Leonard* or *Skidmore*. Therefore, Plaintiff has failed to establish that Defendant Dubrish should be held personally liable or that this court should allow Plaintiff to pierce Option One's corporate veil. Accordingly, as Plaintiff

has failed to state a claim upon which relief can be granted, Defendant Dubrish's motion to dismiss is properly granted.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant Robert E. Dubrish's Third Motion to Dismiss" (Doc. No. 67) be GRANTED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at

1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of April, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge