IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02116-REB-KMT

PETER EDWARD a/k/a DAVID BLESSING,

      Plaintiff,

v.

ROBERT E. DUBRISH,
OPTION ONE MORTGAGE CORPORATION, et al.,
HENRY J. PAULSON, US Secretary of the Treasury, and
MICHAEL B. MUKASEY, U.S. Attorney General as alien property custodian,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's due process rights.  This matter is before the court on "Defendant Option One Mortgage Corporation's Motion to Dismiss Pursuant to F.R.C.P. [sic] 19" (Doc. No. 69).

### STATEMENT OF THE CASE

Plaintiff's complaint is not a model of clarity.  It appears Plaintiff is asserting claims related to the foreclosure sale of his home on December 4, 2007, for "involuntary servitude and peonage due to wanton and malicious acts and threats, duress, coercion and fraud, by and through the promulgation of counterfeit securities."  (Pl.'s Second Am. Compl. [hereinafter "Compl."] [filed October 10, 2008].)  Plaintiff states on June 26, 2006, he contracted with Defendant Option One Mortgage Corporation ("Option One") for a loan in the amount of

$283,500.00 "in an effort to take possession of" a property at 1577 Newton Street, Denver,

Colorado.  (Compl. ¶¶ 29–31.)  Plaintiff contends he made "regular monthly payments, in the

form of Federal Reserve Notes or Credit on Account, from July 2006 through July 2007" to

Option One Mortgage Corp."  (*Id.* ¶ 33.)  Plaintiff states on August 24, 2007, he:

> issued to Robert E. Dubrish, in Mr. Dubrish's capacity as President and CEO of
> OPTION ONE, a Bonded Promissory Note . . . in an amount of $700,000.00 . . .
> more than double what was allegedly owed to OPTION ONE.  Robert E. Dubrish
> acknowledged receipt of that Bonded Promissory Note . . . returned a photocopy
> to Blessing, and <u>retained</u> the original.

(*Id.* ¶ 34.)  Defendant Dubrish states, "In lieu of repaying his legal debt . . . Plaintiff chose

instead to attempt to surreptitiously deny his obligation to Option One by means of a frivolous

document he labeled a Verified Notice of Tender of Payment."  (Def. Robert E. Dubrish's Third

Mot. to Dismiss at 1 [hereinafter "Dubrish's Mot. to Dismiss] [filed October 23, 2008].)

Defendant contents that "Option One promptly responded to this document by means of a letter

delivered to the Plaintiff . . . in order to helpfully inform the Plaintiff that his attempt to deny his

legal debt was unavailing and had no effect whatsoever on the obligations owed under the

Promissory Note."  (*Id.* at 1–2.)  Plaintiff states on September 10, 2007, he received a letter from

Option One "refuting the veracity of the documents" sent to them.  (Compl. ¶ 35.)  Plaintiff

states he sent a letter to Option One on September 13, 2007, "stating a requirement for 30 days in

which to consider the advise [sic] given in the letter from Option One.  (*Id.* ¶ 37.)  On September

25, 2007, "[a] letter from [an] unknown source was stuck into [the] door jamb of Plaintiff's

house" stating that some monthly payment was not received by Option One.  (*Id.* ¶ 37.)  On

October 6, 2007, Plaintiff received a letter from Option One advising that foreclosure

2

proceedings had commenced.  (*Id.* ¶ 38.)  Plaintiff states his home was sold at public foreclosure

auction on December 4, 2007.  (*Id.* ¶ 42.)

Plaintiff asserts fourteen claims for relief.  (*Id.* at 9–16.)  Plaintiff names Defendant

Dubrish only in his causes of action entitled "Breach and Conversion Under Contract" and "Civil

RICO."  (*Id.* ¶¶ 102–103; 120–123.)  The remaining claims appear to be asserted against at least

Defendant Option One.  (*Id.* at 9–16.)  Plaintiff seeks declaratory relief, injunctive relief, and

money damages.  (*Id.* ¶¶ 133–152.)

Defendant Option One now moves to dismiss for Plaintiff's failure to join a necessary

party.  (Def. Option One Mortgage Corporation's Mot. to Dismiss Pursuant to F.R.C.P. 19

[hereinafter "Option One's Mot. to Dismiss"] [filed October 23, 2008].)

## PROCEDURAL HISTORY

Plaintiff filed his initial Complaint in this case on October 9, 2007.  (Doc. No. 1.)

Defendant filed an Amended Complaint on January 4, 2008.  (Doc. No. 19-3.)  On July 18, 2008,

Plaintiff filed a motion to amend his complaint in order to provide a more definite statement.

(Doc. No. 48.)  None of the defendants objected to Plaintiff's motion to amend his complaint

(*see* Doc. Nos. 51, 58), and this court granted Plaintiff's motion to amend.  (Doc. No. 62.)

Plaintiff's Second Amended Complaint was filed on October 10, 2008.  (Doc. No. 63, Compl.)

Defendant Option One filed its motion to dismiss on October 23, 2008.  (Option One's

Mot. to Dismiss.)  Plaintiff filed his response on November 7, 2008.  (Pl.'s Reply to Def. Option

One Mortgage Corp.'s Mot. to Dismiss Pursuant to F.R.C.P. 19 [hereinafter "Resp. to Option

One's Mot. to Dismiss"].)  The court held a hearing on the motion to dismiss on May 15, 2009.

This motion is ripe for review and recommendation.

## STANDARD OF REVIEW

*1.*   **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."

*Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to

less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's

"conclusory allegations without supporting factual averments are insufficient to state a claim

upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A

court may not assume that a plaintiff can prove facts that have not been alleged, or that a

defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors*

*of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v.*

*New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual

allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156,

1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the

absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to

application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

4

**2.**        ***Lack of Subject Matter Jurisdiction***

Federal Rule of Civil Procedure 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1) (2008).  Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so).  A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.  *See Basso*, 495 F.2d at 909.  Accordingly, Plaintiff in this case bears the burden of establishing that this court has jurisdiction to hear his claims.

## ANALYSIS

**1.**        ***Dismissal Pursuant to Fed. R. Civ. P. 19***

Defendant Option One argues that Plaintiff's Second Amended Complaint should be dismissed for failure to join an indispensable party.  (Option One's Mot. to Dismiss at 1.)  Defendant Option One further argues that HSBC Bank USA National ("HSBC") must be joined as it is the current owner of the property at issue.  (*Id.* ¶ 2.)

Determining whether an action should be dismissed for failure to join an indispensable party under Fed. R. Civ. P. 19 is necessarily a two part inquiry. *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996). "The court must first determine under Rule 19(a) whether the party is necessary to the suit and must therefore be joined if joinder is feasible." *Id.* Under Rule 19(a), HSBC is necessary if (1) in HSBC's absence, complete relief cannot be accorded among those already parties, or (2) HSBC claims an interest relating to the subject of this action and is so situated that the disposition of the action in HSBC's absence may (i) as a practical matter impair or impede HSBC's ability to protect that interest or (ii) leave the existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

"If the absent party is necessary but cannot be joined, the court must determine, under Rule 19(b), whether the party is indispensable," and, if so, the suit must be dismissed. *Rishell*, 94 F.3d 1407 at 1411. Therefore, The court must find HSBC to be an indispensable party under Rule 19(b) before it can recommend dismissal of this case under Rule 12(b)(7). Fed. R. Civ. P. 19(a). The court considers several factors in making this determination: whether a judgment would be prejudicial to the absent party or to the parties present, whether the court can fashion relief to reduce or avoid prejudice, whether the court can render an adequate judgment in the absence of this party and whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. P. 19(b).

At the hearing on the motion to dismiss, Defendant Option One presented a Public Trustee's Deed for the property at issue. (Doc. No. 102, Ex. 1.) The Deed confirms that HSBC

6

Bank, USA, National Association, is the current owner of said property.  (*Id.*)  As Plaintiff seeks, among other things, declaratory and injunctive relief to set aside the foreclosure sale, the court finds HSBC is a necessary party as any declaratory or injunctive relief awarded would directly affect it.  Therefore, HSBC must be joined if joinder is feasible.  *See Rishell*, 94 F.3d 1407 at 1411.

When setting the hearing on the motion to dismiss, the court ordered the parties to be prepared to argue the merits of the motion, including whether joinder of HSBC would be feasible in this diversity case.  District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  Under Section 1332, for purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  In other words, corporations have dual citizenship for purposes of diversity determination.  The determination of a corporation's principal place of business is a question of fact for the court.  *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 914 (10th Cir.1993).

Plaintiff argued he has an ongoing state court case against HSBC, among others, related to "pre-foreclosure" actions taken by them.  (*See* Doc. No. 103.)  In support of his argument that diversity would not be destroyed by adding HSBC as a defendant, Plaintiff submitted "Pl.'s Evidence Inventory for the Hearing of May 15th Re: Proof of Ownership and Def. Option One's Mot. to Dismiss Pursuant to Rule 19."  (Doc. No. 103.)  On January 9, 2009, Denver County District Judge Michael A. Martinez, entered default judgment against HSBC in Case No.

08cv3506 for their failure to appear or file any responsive pleading in the state court case. (*Id.* at

31.) Plaintiff argued that HSBC is located in New York, and that he served HSBC at a New

York address. Defendant Option argued at the hearing that the Public Trustee's Deed lists

HSBC's legal address in Irvine, California, and, therefore, joining HSBC is not feasible, as

Defendant Option One also is located in California, and diversity would be destroyed. Neither

Plaintiff's motion for default judgment in the state case nor the order granting the motion for

default judgment lists the New York address at which HSBC was served. (*See id.* at 22–31.)

However, upon a search of the California Secretary of State's website, HSBC is listed as being

incorporated in Delaware with an agent for service of process in California.[1] Therefore, HSBC

is a citizen of the State of Delaware and the state where it has its principal place of business.

*Amoco Rocmount Co.*, 7 F.3d at 914. The location of HSBC's principal place of business is,

however, unclear, and this court lack sufficient information to make that determination. As a

practical matter then, Plaintiff clearly is required to add HSBC as a necessary party to the

litigation in this court. If adding HSBC was later found to destroy diversity jurisdiction, the case

would have to be dismissed for failure to name and indispensible party. Nevertheless, this court

does not recommend Plaintiff be required to join HSBC at this time because the court will

---

[1]The court may take judicial notice of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201.

recommend dismissal of Plaintiff's claims, without prejudice, as being barred by the *Younger* abstention doctrine.[2]

## 2.    *Dismissal Under* **Younger** *Abstention Doctrine*

The *Younger* doctrine requires that federal courts refrain from interfering with state court proceedings by granting equitable relief — such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings — when such relief could be sought in the state court. *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999).  In addition, [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Id.*  If these conditions are met, abstention is nondiscretionary and must be invoked. *Id.*

In the hearing regarding the motion to dismiss, Plaintiff brought to this court's attention that his Denver County District Court case referenced herein with respect to the entry of default against HSBC is still pending before the Colorado Court of Appeals.  The complaint in that case asserts claims against three of the defendants in this case, Option One Mortgage Corporation;

---

[2]A federal court should abstain from the exercise of its jurisdiction if the issues raised in the complaint may be resolved either by trial on the merits in state court or by other state procedures available to the petitioner. *Younger v. Harris*, 401 U.S. 37 (1971).  Moreover, it is proper for the court to address *Younger* abstention *sua sponte*. *Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996). ("We are convinced that we have properly raised the abstention issue *sua sponte*.").

Henry M. Paulson, Jr.; and Michael B. Mukasey. (Doc. No. 103 at 4.) Plaintiff also asserts claims against HSBC Bank, USA, National Association, and others. (*Id.*) Plaintiff's state court action involves the same property at issue in this case and involves essentially the same facts relating to the foreclosure sale of the property. (*See id.* at 4–21.) Plaintiff, at the hearing on the motion to dismiss, attempted to distinguish his case in this court from the case in Denver County District Court by describing the Denver County District Court case as a case related to the "pre-foreclosure" proceedings and the case in this court as relating to the "post-foreclosure" proceedings. However, in both cases, Plaintiff seeks a injunctive and declaratory relief that the foreclosure sale be deemed null and void. Therefore, the first *Younger* prong is satisfied, as Plaintiff admits that this federal lawsuit corresponds to proceedings in state court. The second prong of *Younger* is also satisfied, as Plaintiff can pursue his claim that Defendants have no legal right to foreclose on his house first with the state district court and later with the state court of appeals. Plaintiff does not and cannot establish that the state appellate process will not provide an adequate forum for his claims. The third *Younger* prong is met, as the state proceedings involve important state interests, in that the foreclosure action as well as the perfection and recording of liens are matters governed by state law and are traditionally resolved in state courts. Rule 120 provides that "[a]ny proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located." Colo. R. Civ. P. 120(f). Thus, the state has expressed its interest in having the matter at issue in this case resolved specifically in Denver County District Court.

WHEREFORE, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendant Option One Mortgage Corporation's Motion to

Dismiss Pursuant to F.R.C.P. [sic] 19" (Doc. No. 69) be DENIED, but that this case be

dismissed, without prejudice, for lack of jurisdiction pursuant to the *Younger* abstention doctrine.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As

2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at

1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both

11

timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of May, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge