**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.07-cv-02116-REB-KMT

PETER EDWARD a/k/a DAVID BLESSING,

    Plaintiff,

v.

ROBERT E. DUBRISH,
OPTION ONE MORTGAGE CORPORATION, el al.
HENRY J. PAULSON, US Secretary of the Treasury, and
MICHAEL B. MUKASEY, U.S. Attorney General as alien property custodian,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND

**Blackburn, J.**

    This matter is before me on the following motions: (1) **Plaintiff's Objection, Refusal for Cause, and Motion To Alter or Amend** [#108][1]; and (2) **Plaintiff's Request for a Hearing on the Motion** [#109], both filed June 25, 2009.  I deny the motions.

    The plaintiff's motion is properly considered as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment under FED. R. CIV. P. 60.  The essence of the relief sought by the plaintiff is that I vacate the court's judgment in this case to the extent that judgment is based on the court's order granting defendant Robert E. Durbish's motion to dismiss.

---

[1] "[#108]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

FED. R. CIV. P. 59 provides that a party may move "to alter or amend a judgment" in a motion filed within ten days of the judgment. Rule 59 permits a court to "open the judgment if one has been entered, . . . make new findings and conclusions, and direct the entry of a new judgment. The primary bases for a motion under Rule 59(e) are

> (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.

*Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Rule 60 provides that a court may relieve a party from a final judgment based on various reasons, including mistake, inadvertence, newly discovered evidence, and "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60 (b).

Plaintiff fails to state or circumstantiate a claim for relief under either Rule 59 or 60. The plaintiff states in his motion his disagreement with my legal conclusions. He does not demonstrate an intervening change in the law, the existence of new evidence, a mistake, or the need to correct clear error or to prevent manifest injustice. Rather, the plaintiff continues to argue that the legal conclusions of this court are incorrect. I disagree. Accordingly, the plaintiff's motion to alter or amend must be denied. There is no need to conduct a hearing on the motion to alter or amend, and the plaintiff's request for a hearing is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Objection, Refusal for Cause, and Motion To Alter or Amend** [#108] filed June 25, 2009, is **DENIED**; and

2. That the **Plaintiff's Request for a Hearing on the Motion** [#109] filed June 25, 2009, is **DENIED**.

Dated June 29, 2009, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

3